UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIAN TRUJILLO, *et al.*,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

Case No. C09-1056RSL

ORDER DENYING
MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiffs Adrian and Gloria Trujillo, a married couple, for an order remanding this case to Whatcom County Superior Court. Plaintiffs contend that defendant, their insurer, improperly removed this case without demonstrating that the amount in controversy requirement is met. For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

Plaintiffs' claim arises out of an insurance dispute. Plaintiffs' business vehicle was damaged in March 2006. Plaintiffs contend that the damage was caused by human error. Defendant counters that it was caused by wear and tear, which is excluded under the policy. In June 2009, plaintiffs filed their complaint in state court for bad faith, breach of contract,

ORDER DENYING
MOTION TO REMAND - 1

negligence, and for violations of the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, and Washington's Insurance Fair Conduct Act ("IFCA"), RCW 48.30, *et. seq.* In their complaint, plaintiffs explicitly requested treble damages pursuant to the CPA and the IFCA. In pre-litigation correspondence, plaintiffs demanded $31,783.30 in damages, plus tax and licensing. Plaintiffs are also seeking punitive damages, reasonable attorney's fees, and other relief that the Court deems just and appropriate. Defendant timely removed this action to this Court.

This Court has original jurisdiction over actions in which diversity exists among with parties, which plaintiffs do not dispute, and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). When defendant has removed a diversity case, it bears the burden of establishing by a preponderance of the evidence that the amount in controversy requirement is satisfied. See, e.g., Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996). In breach of contract cases, the jurisdictional minimum may be satisfied by all amounts for which defendant is allegedly liable, including attorney's fees and exemplary damages. See, e.g., Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

In this case, plaintiffs have explicitly alleged that their damages exceed $31,000, and they have sought trebling of their damages. Those amounts alone exceed $90,000 and exceed the jurisdictional threshold. Plaintiffs nevertheless argue that this Court lacks jurisdiction because defendant disputes the applicability of the IFCA. A dispute over the merits of plaintiffs' claim does not change the amount *in controversy*. Plaintiffs have not cited any authority to support their position. Regardless of the applicability of the IFCA, plaintiffs have also sought treble damages under the CPA. The damages plaintiffs seek exceed $75,000. Accordingly, defendant has established the jurisdictional requirements by a preponderance of the evidence.

ORDER DENYING
MOTION TO REMAND - 2

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand (Dkt. #4).

DATED this 31st day of August, 2009.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO REMAND - 3